Zhang v. Holder

BIA
A079 316 243/244/245/246

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of March, two thousand fourteen.

PRESENT:
>       ROSEMARY S. POOLER,
>       DEBRA ANN LIVINGSTON,
>       DENNY CHIN,
>           *Circuit Judges.*

_____

XIN NENG ZHANG, *ET AL.*,
>       *Petitioners,*

v.                                          12-5048
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONERS:        Scott E. Bratton, Margaret Wong & Associates Co., LPA, Cleveland, Ohio.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Jessica A. Dawgert, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Xin Neng Zhang, Chun Yin Pat, Chung Yat Cheung, and Wai Ho Zhang, natives and citizens of China, seek review of a November 21, 2012, decision of the BIA denying their motion to reopen. *In re Xin Neng Zhang, et al.*, No. A079 316 243/244/245/246 (B.I.A. Nov. 21, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (citing *INS v. Doherty*, 502 U.S. 314, 322-23 (1992)). We review the BIA's factual findings regarding country conditions under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

The BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely and number barred as it was his second motion and was filed more than six years after his

final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(I); 8 C.F.R. § 1003.2(c)(2). Although there are no time or numerical limitations for filing a motion to reopen "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii), Zhang has not established any error in the BIA's conclusion that there was no material change in country conditions here.

First, Zhang's apparent assistance to the United States government is a change in personal circumstances that does not excuse the time and number limitations. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006); *see also Ali v. Mukasey*, 524 F.3d 145, 150 (2d Cir. 2008) (holding that exercise of "prosecutorial discretion" was not subject to judicial review, absent a constitutional claim or question of law); *Young Dong Kim v. Holder,* No. 12-1626, 2013 WL 6576520 (7th Cir. Dec. 16, 2013). Second, as the BIA reasonably determined, Zhang failed to establish a material change in country conditions,

3

since the time of his hearing.  Indeed, State Department reports in the record for 2000 (submitted with Zhang's original application) and 2010 (submitted with his motion to reopen) showed that country conditions had not materially changed.  *See Matter of S-Y-G-,* 24 I. & N. Dec. 247, 253 (BIA 2007)("In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."); *see also Norani v. Gonzales*, 451 F.3d 292, 294 (2d Cir. 2006) (*per curiam*) (considering whether evidence in support of reopening demonstrated a change since the hearing below).

Accordingly, the BIA did not abuse its discretion in denying Zhang's motion to reopen as untimely and number barred.  *See* 8 U.S.C. § 1229a(c)(7)(A), (c).  Because the BIA's denial as untimely and number barred is dispositive, we do not reach Zhang's arguments regarding his *prima facie* eligibility for relief.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk